IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRAIG CUNNINGHAM,                    *
  on behalf of himself and
  others similarly situated          *

            Plaintiff                *

        vs.                          * CIVIL ACTION NO. MJG-17-2088

HOMESIDE FINANCIAL, LLC              *

            Defendant                *

*     *     *     *     *     *     *     *     *

## MEMORANDUM & ORDER RE: STAY

The Court has before it Defendant's Motion to Stay Proceedings [ECF No. 17] and the materials related thereto. The Court has reviewed the materials provided by the parties and finds that a hearing is not needed.

## I.  BACKGROUND

Plaintiff Craig Cunningham ("Cunningham") filed a putative class action against Defendant Homeside Financial, LLC ("Homeside") asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Cunningham alleges that Homeside "placed telemarketing calls to [his] cellular telephone number for the purposes of advertising its services using an automated dialing system." Compl. ¶ 2, ECF No. 1.

The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). 47

U.S.C. § 227(b)(3). The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Cunningham alleges that he did not consent to receive the calls, and since telemarketing campaigns generally place calls to thousands or millions of potential customers, he is suing on behalf of a proposed nationwide class of others who also received illegal telemarketing calls. Compl. ¶ 3.

Homeside asserts that it only contacts customers who have consented to receive calls, and the dialing equipment it uses is not an "automatic telephone dialing system" ("ATDS") for purposes of the TCPA. Answer ¶¶ 11, 19-20, Fifth Affirmative Defense, ECF No. 15.

In 2015, the Federal Communication Commission ("FCC"), which has the authority to issue regulations implementing the TCPA, released a Declaratory Ruling and Order that construed the statutory definition of an ATDS, stating that "dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers [and thus meets the TCPA's definition of 'autodialer'] even if it is not presently used for that purpose, including when the caller is calling a set list of consumers."

In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961 (July 10, 2015). The FCC ruling prompted significant litigation and was challenged by a consolidated appeal to the D.C. Circuit in ACA Int'l, et al. v. FCC, Case No. 15-1211.[1] Briefing was completed, and oral argument was held in the D.C. Circuit on October 19, 2016.

Homeside filed the instant motion to stay proceedings, requesting that the Court stay this matter pending the D.C. Circuit's decision in ACA Int'l on the validity and meaning of the FCC's ruling with regard to the definition of ATDS.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Maryland v. Universal Elections, Inc., 729 F.3d 370, 379 (4th Cir. 2013) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936)). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action

---

[1] The D.C. Circuit can reverse the FCC ruling and remand the case to the FCC to carry out the judgment of the Court, subject to review by the Supreme Court upon writ of certiorari. 47 U.S.C. § 402.

before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).

In exercising discretion to stay a case, a court "must weigh competing interests." Landis, 299 U.S. at 255. When deciding a motion to stay, courts weigh the following three factors:

(1) the interests of judicial economy;

(2) hardship and equity to the moving party if the action is not stayed; and

(3) potential prejudice to the non-moving party.

Davis v. Biomet Orthopedics, LLC, No. CIV. 12-3738-JKB, 2013 WL 682906, at *1 (D. Md. Feb. 22, 2013)(quoting Johnson v. DuPuy Orthopaedics, Inc., No. 12 Civ. 2274(JFA), 2012 WL 4538642, *2 (D.S.C. Oct. 1, 2012)). Further, the court must ensure that the stay is not "immoderate" and limit the scope of the stay within a reasonable time frame. Landis, 299 U.S. at 257.

III. DISCUSSION

Plaintiff's primary argument in opposition to a stay concerns the potential spoliation of telephone records. The Court does not find this argument persuasive. Homeside has initiated a litigation hold to preserve all records. Additionally, on November 13, 2017, the Court granted the

4

Unopposed Motion Requesting Leave of Court to Commence Discovery and Issue a Third Party Subpoena [ECF No. 24] to a third party, QuoteLogic, the owner or operator of MinuteMortgageQuotes.com. See Order, ECF No. 25. As such, it appears that Plaintiff's concerns with regard to spoliation of records during the pendency of a stay have been alleviated.

It also appears that resolution of the meaning of an ATDS will directly affect this case, either by having a dispositive effect on the claims or at least by focusing discovery.[2] Because the D.C. Circuit Court has the exclusive jurisdiction to review the FCC ruling, 28 U.S.C. § 2343(1), its ruling will be binding. Staying the case pending the ruling will permit the Court and the parties to evaluate the viability of Plaintiff's claims under the most complete precedent and streamline the proceedings. Therefore, Plaintiff is unlikely to be prejudiced by a stay that could reduce the burden of litigation on both parties. Further, a stay could promote the efficient use of judicial resources.

The Court is, however, mindful of Plaintiff's concern regarding an indefinite stay. Since oral argument in the ACA

---

[2] Homeside has raised factual challenges to Cunningham's prerecorded-voice claims. If the Court were to find that Cunningham failed to sustain a TCPA claim based on the use of a prerecorded voice, the Court would still need to determine whether Homeside used an ATDS, as defined in the FCC Order or possibly as redefined by the D.C. Circuit.

Int'l case was over a year ago, a decision will not likely remain pending for long.  The stay is not indefinite because it is directly tied to the proceedings in that case.  Upon issuance of the opinion in ACA Int'l, either party may move to lift the stay.

IV. CONCLUSION

For the foregoing reasons:

1. Defendant's Motion to Stay Proceedings [ECF No. 17] is GRANTED.
2. The case is hereby STAYED until further Order.
    a. The case shall remain stayed until the issuance of the opinion from the D.C. Circuit.
    b. The parties shall notify the Court within seven days of the D.C. Circuit opinion's filing.
    c. Either party may provide status reports as deemed appropriate.

SO ORDERED, on Thursday, November 30, 2017.

/s/
Marvin J. Garbis
United States District Judge