# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CRAIG CUNNINGHAM | * | |
| v. | * | Civil Case No. ELH-17-2088 |
| HOMESIDE FINANCIAL, LLC | * | |

*********

## MEMORANDUM

Plaintiff Craig Cunningham filed suit against defendant Homeside Financial, LLC ("Homeside"), asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ECF 1. The claim arises from two telemarketing calls that Cunningham allegedly received. *Id.*

On April 20, 2018, Homeside filed a Motion for Judgment on the Pleadings ("Motion for Judgment"), contending that one of the two telemarketing calls alleged in the Complaint was not made by Homeside or its agent. ECF 30. The motion is supported by a memorandum (ECF 30-1) (collectively, "Motion for Judgment"). Cunningham filed an opposition (ECF 31), and Homeside filed a reply. ECF 32.

About six weeks after Homeside's Motion for Judgment became ripe, Cunningham filed a motion seeking voluntary dismissal of the entire case, without prejudice, pursuant to Fed. R. Civ. Proc. 41(a)(2). ECF 35 ("Motion for Dismissal"). Homeside opposes Cunningham's Motion for Dismissal, arguing that the case should be dismissed with prejudice or that, if dismissal without prejudice is granted, the dismissal should be conditioned upon plaintiff's payment of Homeside's attorneys' fees and costs. ECF 38. Homeside submitted numerous exhibits with its opposition. Cunningham has filed a reply (ECF 39), with exhibits.

No hearing is necessary to resolve the pending motions. *See* Local Rule 105(6). For the reasons that follow, I shall grant Cunningham's Motion for Dismissal, without prejudice, and deny as moot Homeside's Motion for Judgment.

**I. Factual and Procedural Background[1]**

In his Complaint, Cunningham alleges that Homeside "placed telemarketing calls to [his] cellular telephone number for the purposes of advertising its services using an automated dialing system." ECF 1, ¶ 2. Specifically, Cunningham alleges that he received a call from Homeside's unnamed agent on March 23, 2017, and a second call from Homeside on May 31, 2017. *Id.* ¶¶ 20, 21. Cunningham maintains that he did not consent to receive the two calls. *Id.* ¶¶ 3, 25. Because telemarketing campaigns generally place calls to thousands or millions of potential customers, Cunningham filed his suit on behalf of a proposed nationwide class of call recipients. *Id.* ¶ 3.

Homeside asserts that it only contacts customers who have consented to receive calls, and denies using dialing equipment constituting an "automatic telephone dialing system" ("ATDS"), as prohibited by the TCPA. ECF 15 (Answer), ¶¶ 11, 19-20; Fifth Affirmative Defense. Although Homeside admits that it called Cunningham on May 31, 2017, it contends that it did not use an ATDS to place the call. *Id.* ¶¶ 19-20, 22. Homeside also argues that "the Complaint does not allege sufficient facts to state a claim for Homeside's vicarious liability for use of an agent under the [TCPA]." ECF 30 at 1; *see also* ECF 15.

On October 18, 2017, after Cunningham filed his Complaint on July 25, 2017 (ECF 1), Homeside filed an Answer and a Motion to Stay Proceedings, in order to await a decision in a case pending before the United States Court of Appeals for the District of Columbia Circuit,

---

[1] This case was initially assigned to Judge Marvin Garbis. It was reassigned to me in August 2018. *See* Docket.

involving the definition of an ATDS. ECF 15; ECF 17. The court granted Homeside's motion to stay, over Cunningham's opposition. ECF 26. On March 22, 2018, Homeside notified the court that the D.C. Circuit had issued its ruling. ECF 27.

Thereafter, Judge Garbis held a teleconference with the parties. And, he issued a Scheduling Order providing dates for (1) Homeside to file a partial Motion for Judgment on the Pleadings as to its responsibility for the first telemarketing call; (2) allowing the parties to engage in "[i]nitial discovery re: technology issues;" and (3) Homeside to file a Motion for Summary Judgment regarding whether it had used an ATDS to place the second telemarketing call. ECF 29.

Homeside filed its partial Motion for Judgment regarding the first call, and the parties engaged in the limited initial discovery contemplated by the scheduling order. On July 13, 2018, about one week before the deadline for Homeside to file its Motion for Summary Judgment regarding the use of an ATDS, Cunningham filed his Motion for Dismissal, without prejudice. ECF 35.

## II. Legal Standards Governing Voluntary Dismissal

Pursuant to Fed. R. Civ. P. 41(a)(2), once a defendant has served an answer, and absent the consent of all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of the rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *see also Lang v. Manufacturers and Traders Tr. Co.,* 274 F.R.D. 175, 182 (D. Md. 2011). Accordingly, "[a] plaintiff's motion to voluntarily dismiss a claim [without prejudice] should not be denied absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001).

3

To avoid unfair prejudice, the district court is permitted "to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from the dismissal without prejudice. In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Davis*, 819 F.2d at 1273 (citations omitted).

### III. Analysis of Legal Prejudice

"It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." *Davis*, 819 F.2d at 1274-75. In assessing the degree of prejudice to Homeside that might be caused by a Rule 41(a)(2) dismissal, the court applies a "non-exclusive, multi-factor test," including such factors as "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (citations omitted); *see also Lang*, 274 F.R.D. at 182. Here, those factors weigh in favor of granting Cunningham's Motion for Dismissal, without imposing additional conditions for the dismissal.

### A. The Opposing Party's Effort and Expense in Preparing for Trial

Homeside contends that the posture of this case mitigates against voluntary dismissal without prejudice. It asserts, ECF 38 at 16: "The Fourth Circuit has routinely required denial of motions for voluntary dismissal 'if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery.'" (Citing *Howard v. Inova Health Care Servs.*, 302 Fed. Appx. 166, 179-80 (4th Cir. 2008)). This case, however, is easily distinguishable from *Howard* and the cases cited therein, which considered motions for voluntary dismissal filed at advanced stages of the litigation. *See, e.g.*, *Howard*, 302 Fed. Appx.

4

at 179 (noting that the plaintiff sought dismissal two weeks before trial and after the defendant had filed a summary judgment motion); *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 540 (4th Cir. 2004) (affirming the denial of voluntary dismissal where the motion was filed well after the close of discovery when a dispositive order was imminent); *Francis v. Ingles*, 1 Fed. Appx. 152, 154 (4th Cir. 2001) (affirming the denial of voluntary dismissal coming after a lengthy discovery period and merely one week before the scheduled trial date).

Here, the only discovery conducted in this case occurred during a three-month limited window for "[i]nitial discovery re: technology issues." ECF 29. Further scheduling, presumably to include a full discovery period and the setting of a trial date, would occur only after resolution of the anticipated dispositive motion regarding Homeside's use of an ATDS. *Id.* Because no trial date was ever set, neither party expended any resources preparing for trial.

### B. Excessive Delay or Lack of Diligence on the Part of the Movant

Homeside presents a litany of complaints about Cunningham's conduct during the discovery process. But, Homeside has not shown any significant delay or lack of diligence. Despite Homeside's attempt to connect Cunningham's Motion for Dismissal to Homeside's Motion for Judgment, Homeside's motion was fully ripe as of May 21, 2018, and Cunningham did not seek voluntary dismissal until at least six weeks later. Thus, there is no basis to conclude that Cunningham's decision to seek dismissal is an effort to "avoid an adverse ruling in federal court." *Skinner v. First Am. Bank. of Va.*, No. 93-2493, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995).

Notably, Homeside's Motion for Judgment only addresses one of the two telemarketing calls at issue. Therefore, even if that motion were granted, it would not have been dispositive of the entire case.

5

Homeside's allegations of excessive delay are also unavailing. Although Homeside suggests that Cunningham's counsel was not sufficiently responsive during the July 2018 time frame, Homeside's own chronology acknowledges that Homeside itself took more than one week to respond to Cunningham's settlement overture in early July. ECF 38 at 11. Cunningham filed his Motion for Dismissal shortly after his settlement overture was rejected, and one week before Homeside's motion for summary judgment on the ATDS issue was due, thus evidencing Cunningham's reasonable diligence in pursuing and seeking dismissal of his case.

### C. Insufficient Explanation of the Need for a Dismissal

Cunningham has explained that he seeks to dismiss his claims against Homeside to pursue an action against QuoteLogic, the company that actually placed the first telemarketing call, in Florida, where QuoteLogic is located. ECF 35 at 2-3. Cunningham submits that he seeks to preserve his ability to refile his claims against Homeside, "depending on the facts that may come to light about Homeside's relationship with QuoteLogic." *Id.*

Instead, Homeside suggests that Cunningham is "forum shopping to avoid an expected adverse result." ECF 38 at 18. Although Homeside attempts to create the impression that the Eleventh Circuit is a far more favorable jurisdiction for Cunningham's ATDS claim than this Court, it cites to no unfavorable precedent from this Court (or the Fourth Circuit), and only cites to two favorable district court cases within the Eleventh Circuit, one from Alabama and one from Florida.[2] *Id.* at 20-21 (citing *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV, 2018 WL 2220417, at *1 (S.D. Fla. May 14, 2018); *Swaney v. Regions Bank*, No. 2:13-CV-00544-JHE, 2018 WL 2316452, at *1 (N.D. Ala. May 22, 2018)). Thus, even if Cunningham were attempting

---

[2] Although both parties have asserted generally that QuoteLogic is located in Florida, it is unclear whether the one favorable district court opinion from Florida was issued in QuoteLogic's judicial district.

to engage in forum shopping, it is unclear that the Eleventh Circuit generally, or even Florida specifically, constitutes a more favorable forum for his claims. Instead, Cunningham's desire to pursue an action against QuoteLogic, and inability to sue that Florida company in Maryland, presents a cogent reason for his voluntary dismissal of this case.

Finally, Homeside's assertion that "Plaintiff has already had an opportunity to take discovery from Homeside about its agency relationships" is readily disprovable. ECF 38 at 22. The limited discovery in this case involved only "technology issues." ECF 29. Although Cunningham asked an interrogatory arguably relating to agency, Homeside objected and did not provide a substantive response. ECF 38-11 ("Interrogatory No. 5 exceeds the scope of discovery permitted by the Court's April 13th Order."). Thus, Cunningham's explanation that it may discover evidence in its case against QuoteLogic to support an agency relationship with Homeside is a plausible reason to request dismissal without prejudice.

### D. Present Stage of the Litigation

As discussed above, this case is at a relatively early stage, before formal discovery has even commenced. Homeside's best argument regarding prejudice is that its partial motion for judgment on the pleadings is currently pending. However, that motion could be refiled easily in the event Cunningham pursues the same claim against Homeside in a subsequent action. Similarly, any work Homeside has done on its motion regarding its use of an ATDS, and the discovery supporting that motion, could be used if a later case is pursued. Thus, the "present stage of the litigation" is a factor weighing in favor of Cunningham's ability to dismiss his claim, without prejudice.

For the reasons described above, after weighing each of the factors, I do not find that Homeside will suffer significant legal prejudice if this case is voluntarily dismissed, as

requested. Cunningham has not expressed a present intent to sue Homeside for the same claims in another jurisdiction. Should Cunningham eventually file a new action against Homeside in federal court, Homeside will be entitled to seek its costs from this previously dismissed action, pursuant to Fed. R. Civ. P. 41(d). *See id.* (allowing a court to order payment of all or part of the costs of a previous action where "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant.").

Homeside asks this Court to condition a dismissal without prejudice on Cunningham's payment of Homeside's attorney's fees. I discern no cognizable basis for imposing such a condition. As described above, Cunningham has not "acted prejudicially or in bad faith" in litigating this matter, which is the only circumstance in which an award of fees is permissible under Rule 41(a)(2). *Andrews v. America's Living Ctrs.*, *LLC,* 827 F.3d 306, 311-12 (4th Cir. 2016) (citing *Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987)). Accordingly, there is no basis to assess legal fees as a condition for dismissal.

### IV. Conclusion

For the reasons set forth above, I shall grant plaintiff's Motion for Dismissal of the case, (ECF 35), without prejudice, and I shall deny, as moot, defendant's Motion for Judgment. ECF 30.

An Order follows, consistent with this Memorandum.

Dated: October 15, 2018                                /s/
                                                      Ellen L. Hollander
                                                      United States District Judge